**Opinion issued July 30, 2019**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-18-00368-CR**

_____

**EDIN PALACIOS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1510153**

---

**MEMORANDUM OPINION**

Edin Palacios pleaded guilty to felony murder, and the court sentenced him to 32 years' imprisonment. On appeal, he asserts that the trial court erred by refusing his request on the day of trial for additional time to retain a new attorney.

He also challenges the constitutionality as applied to him of two court costs assessed following his conviction. We affirm.

**Background**

Palacios was indicted for felony murder following a deadly car accident in May 2016. While speeding away from a police officer, Palacios's car collided with another car, killing its passenger. Because he was indigent, the court appointed counsel to represent him. On February 28, 2018, Palacios filed a pro se motion requesting that the court dismiss his appointed attorney and appoint new counsel. At a pretrial hearing on the day of trial, he reiterated his request to the court. The court responded that the case was "preferentially set for trial," that he had two years to hire an attorney, and that his appointed attorney was one of the best attorneys in the courthouse. When the court did not replace his appointed counsel, he requested time to hire an attorney instead. The trial court denied his request. Later that day, Palacios pleaded guilty without an agreed punishment recommendation. After a punishment hearing, the court sentenced him to 32 years' imprisonment.

He asserts two issues on appeal: (1) the trial court erred by refusing his request for more time to hire an attorney and (2) certain fees assessed as court costs are unconstitutional as applied to him because he is indigent. We affirm.

**Choice of Counsel**

In his first issue, Palacios alleges that the trial court erred by denying his request for more time to hire an attorney. We disagree.

## A.     Applicable Law and Standard of Review

The denial of a continuance resulting in an appellant claiming a deprivation of his counsel of choice is reviewed for abuse of discretion. *See Rosales v. State*, 841 S.W.2d 368, 374 (Tex. Crim. App. 1992). "The right to counsel of one's choice is not absolute, and may under some circumstances be forced to bow to 'the general interest in the prompt and efficient administration of justice.'" *Id.* (quoting *Gandy v. Alabama*, 569 F.2d 1318, 1323 (5th Cir. 1978)). For example, "an accused may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel." *Webb v. State*, 533 S.W.2d 780, 784 (Tex. Crim. App. 1976).

## B.     Analysis

In March 2016, the court appointed counsel for Palacios. On March 7, 2018, Palacios filed a motion asking the trial court to appoint new counsel, but he did not request a hearing. At a pretrial hearing on April 2, 2018, he told the court about his motion. When the court explained that he did not have the right to request a different appointed attorney, he requested time to hire an attorney. The court denied his request. The court explained that Palacios did not ask to hire an attorney

during the two years that the case was pending, but only on the day that the case was preferentially set for trial.

The Court of Criminal Appeals outlined the following nonexclusive factors that inform whether to grant a continuance due to the absence of counsel of defendant's choice:

(1)    the length of delay requested;

(2)    whether other continuances were requested and whether they were denied or granted;

(3)    the length of time in which the accused's counsel had to prepare for trial;

(4)    whether another competent attorney was prepared to try the case;

(5)    the balanced convenience to inconvenience to the witnesses, the opposing counsel, and the trial court;

(6)    whether the delay is for legitimate or contrived reasons;

(7)    whether the case was complex or simple;

(8)    whether the denial of the motion resulted in some identifiable harm to the defendant;

(9)    the quality of legal representation actually provided.

*Rosales*, 841 S.W.2d at 374 (quoting *Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982)); *James v. State*, 506 S.W.3d 560, 565 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

4

Considering these factors as applied to this case, we observe that:

(1)     Palacios requested "some time" to retain new counsel but did not specify the length of delay he needed;

(2)     the docket sheet reflected that Palacios had not requested resets before;

(3)     appointed counsel represented Palacios for about two years;

(4)     no other attorney was prepared to try the case;

(5)     the record is silent as to the convenience to witnesses and counsel but the court noted that the case was "preferentially set for trial" on the date of Palacios's oral request to hire an attorney and the request was made 11 months after the case was initially set for trial;

(6)     Palacios's initial motion for new appointed counsel contained his reasons, but his oral request to hire an attorney came only after he learned he would not be allowed to switch appointed attorneys;

(7)     the case was somewhat complex and involved evading arrest by car as well as death and injury resulting from a crash caused by Palacios;

(8)     the record does not show that the court's denial of the request resulted in any identifiable harm to Palacios;

(9)     despite his contention in the written motion, Palacios received quality legal representation as demonstrated by his attorney's knowledge of his case and the motions she filed.

On this record, the court did not abuse its discretion in denying Palacios's request.

## Constitutionality of Court Costs for Indigent Defense

In his second issue, Palacios challenges the constitutionality of the statutory court costs for indigent defense pursuant to TEX. LOC. GOV'T CODE §§ 133.102 and

133.107, as applied to him in this case, as a violation of his constitutional right to the appointment of counsel as an indigent defendant. He disputes the $2.00 fee to fund indigent defense representation and $23.73 of the $133.00 consolidated court cost allotted for the fair defense fund. We hold that he has not met his burden to establish an as-applied challenge to the statutes.

## A.	Applicable Law and Standard of Review

The Sixth Amendment to the United States Constitution provides that, in all criminal prosecutions, "the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. CONST. amend VI. The Due Process Clause of the Fourteenth Amendment guarantees the same right to assistance of counsel, including the right to the appointment of counsel in the case of an indigent defendant in criminal prosecutions. *Thomas v. State*, 550 S.W.2d 64, 67 (Tex. Crim. App. 1997).

A litigant raising an as-applied challenge to a statute concedes the statute's general constitutionality, "but asserts that the statute is unconstitutional as applied to his particular facts and circumstances." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). The burden rests on the challenger to establish the statute's unconstitutionality. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). "Courts must evaluate the statute as it has been applied in practice against the particular challenger." *Lykos*, 33 S.W.3d at 912. Because the scope of

6

an as-applied challenge is narrow, a court of appeals may not "entertain hypothetical claims" or consider the potential impact of the statute on a potential future claimant, third party, or anyone other than the challenger presently before the court. *Id.* at 912.

## B.    Analysis

Palacios contests the constitutionality of two statutes as applied to him. First, section 133.107(a) of the Local Government Code provides:

> A person convicted of any offense, other than an offense relating to a pedestrian or the parking of a motor vehicle, shall pay as a court cost, in addition to other costs, a fee of $2 to be used to fund indigent defense representation through the fair defense account established under Section 79.031, Government Code.

TEX. LOC. GOV'T CODE § 133.107(a). Second, section 133.102 requires that a person convicted of a felony pay $133 in court costs, 17.8448 percent ($23.73) of which is allocated to the fair defense account. TEX. LOC. GOV'T CODE § 133.102(a),(e). The fair defense account funds the Texas Indigent Defense Commission. *See* TEX. GOV'T CODE § 79.034(a).

Palacios asserts that these statutory fees are unconstitutional as applied to him because he is indigent. He relies on the Sixth Amendment and *Gideon v. Wainwright*, 372 U.S. 335 (1963). He argues that "a man too poor to hire a lawyer should not be left at the mercy of the power of the State." Yet he provides no argument or evidence that he was deprived of his right to counsel by the prospect

7

of being assessed a total of $25.73 in court costs toward indigent defense at the conclusion of trial if he were convicted. *See London v. State*, 526 S.W.3d 596, 601 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd). He does not suggest that the fees caused him to become indigent, and he provides no explanation of how his indigence itself could constitute the relevant harm.

Palacios's appeal is premised on a conclusory assertion that it is unconstitutional to assess court costs against an indigent defendant. But several courts of appeals have held that indigence does not preclude the recovery of statutory court costs, so long as they are not required to be paid in advance. *See London*, 526 S.W.3d at 601 (stating same and listing in footnote cases from sister courts of appeals holding same). In this particular case, which raises an as-applied challenge, we need not decide whether indigence is a categorical barrier to assessing or collecting any particular cost of court.

Palacios has not met his burden of showing that his constructive notice of the contingent possibility that in the event of his conviction he would be assessed a fee to support indigent defense had the actual effect, as applied to him in this case, of denying him the right to counsel. *See London*, 526 S.W.3d at 602. We overrule his second issue.

**Conclusion**

We affirm the judgment of the trial court.


                                        Peter Kelly
                                        Justice

Panel consists of Justices Keyes, Kelly, and Goodman.

Do not publish.  TEX. R. APP. P. 47.2(b).