**Allan EUGENE, Appellant**

v.

**The STATE of Texas, Appellee**

**NO. 14-16-00391-CR**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion filed August 10, 2017

Bridget Holloway, Houston, TX, for Appellee.

Sarah Beth Landau, Houston, TX, for Appellant.

Panel consists of Chief Justice Frost and Justices Donovan and Wise.

## OPINION

Kem Thompson Frost, Chief Justice

In this appeal we address a claim of ineffective assistance of counsel and an as-applied challenge to the constitutionality of article 102.011 of the Texas Code of Criminal Procedure, which imposes on persons convicted of a felony or misdemeanor a cost of court for summoning witnesses. We address whether the record is sufficient to assess the ineffective-assistance-of-counsel claim and whether appellant Allan Eugene met his burden to show article 102.011 denied him constitutional rights. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2004, a grocery store parking lot became the scene of a deadly dispute between two motorists.

Appellant encountered the complainant, Richard Sepulveda, outside a neighborhood grocery store. Both were in their cars in the store's crowded parking lot when they appeared to get into a driving dispute. Appellant got out of his car—a silver Chevy Impala—and went over to the complainant's car, positioned in front of it. The complainant rolled down the window, and the two men continued arguing. Appellant went back to the Impala, grabbed a gun, and returned to the complainant's car. Appellant resumed arguing with the complainant. After a while, the complainant

attempted to leave, but the congested parking lot prevented a quick exit. While the complainant was attempting to drive away, appellant grabbed onto the complainant's car with one hand while placing his gun under the complainant's left armpit with the other. Appellant shot the complainant. The complainant's car collided into a fence and eventually came to rest. With his foot still on the accelerator, the complainant died from the gunshot wound.

Police recovered a bullet from the complainant's car and a necklace left in the parking lot. After swabbing the necklace, police found usable DNA material. By running the DNA material through a computer database, the police found that the DNA on the necklace appeared to match appellant's DNA. Police officers interviewed appellant, but appellant denied involvement in the shooting and said the necklace the police had recovered did not belong to him. Appellant admitted driving a 2002 Chevy Impala. The police were unable to obtain a search warrant for a sample of appellant's DNA. The case went cold.

A decade later, the complainant's daughter called to check on the status of the case and a detective reopened it. The detective discovered that appellant had been stopped for a defective license plate light in 2004 and police had recovered a firearm—a .9 mm Ruger. Police still held the gun in custody. A firearms expert determined that the bullet recovered in the complainant's car came from the gun. Appellant's ex-girlfriend, who was dating appellant at the time of the shooting, identified the necklace recovered at the scene as a necklace appellant wore. Armed with a search warrant for appellant's DNA, the detective executed the search warrant and interviewed appellant.

Appellant admitted to shooting the complainant, but, at first, appellant claimed he shot the complainant in self-defense. As the interview progressed, appellant ultimately admitted that he could have left the scene, but according to appellant, shooting the complainant was necessary to "redeem" himself.

Charged with murder, appellant pleaded "not guilty." The jury found appellant guilty as charged and assessed punishment at life's confinement. Appellant now challenges his conviction, raising two issues on appeal.

ANALYSIS

### A. Ineffective-Assistance-of-Counsel Claim

■ In his first issue, appellant asserts that trial counsel rendered ineffective assistance because counsel did not investigate the possibility of filing a motion to quash the indictment due to the lengthy pretrial delay. In particular, appellant argues that trial counsel should have investigated potential eyewitnesses at the grocery store to see if anything these witnesses might say would somehow support a motion to quash.

Both the United States Constitution and the Texas Constitution guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI; Tex. Const. art. I, § 10. This right includes the right to reasonably effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Ex parte Gonzales*, 945 S.W.2d 830, 835 (Tex. Crim. App. 1997). To prevail on an ineffective-assistance claim, a defendant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 694, 104 S.Ct. 2052; *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App.

1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To defeat this presumption, the record must demonstrate affirmatively the alleged ineffectiveness. *See Thompson*, 9 S.W.3d at 813.

Direct appeal is an inadequate vehicle for raising such a claim when the record is undeveloped and does not adequately reflect the motives behind trial counsel's actions. *See Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003). If trial counsel has not been afforded the opportunity to explain the reasons for his conduct, or any potential omission, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). A sound trial strategy may be executed imperfectly, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Instead, we "review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Counsel's conscious decision not to pursue a defense or to call a witness is not insulated from review, but, unless a defendant overcomes the presumption that counsel's actions were based in sound trial strategy, counsel generally will not be found ineffective. *Ex parte Flores*, 387 S.W.3d 626, 633 (Tex. Crim. App. 2012).

Appellant did not file a motion for new trial. Our record on appeal does not reflect that appellant's trial counsel has had the opportunity to address the ineffective-assistance complaints or offer reasons or strategy underlying those decisions. Nonetheless, appellant asserts there could be no reasonable strategy for failing to investigate filing a motion to quash and failing to investigate witnesses that might support a motion to quash the indictment. Even though appellant did not file a motion for new trial, he contends that the record is sufficient to address this complaint because trial counsel did not include fees to "investigate a motion to quash or dismiss the indictment based on a 10-year preindictment delay." Appellant contends that it would be "impossible" to strategically reject a motion to quash the indictment due to pretrial delay without investigating potential eyewitnesses that earlier might have been available to testify.

The document detailing trial counsel's fee requests, in and of itself, does not prove that trial counsel did not make any effort to investigate filing a motion to quash the indictment for pretrial delay. Trial counsel filed a request for reimbursement that included amounts above the presumptive maximum in out-of-court preparation hours. The record does not provide significant detail about how counsel spent those out-of-court hours. The document does not purport to constitute an exhaustive litany of tasks performed in connection with counsel's representation of appellant. The absence of an entry does not prove failure to perform a task. The document does not address whether counsel attempted to make any type of investigation. Counsel included a message justifying why he requested compensation over the presumptive maximum. The record does not state that counsel sought reimbursement for all of his work on the case.

Though the record is some evidence of actions for which counsel requested reimbursement for work on the case, it does not prove that actions not listed were not performed or undertaken.

Even if the document did establish that trial counsel did not investigate any potential eyewitnesses that had "gone cold," the record does not establish appellant's contention that it was impossible to strategically reject a motion to quash the indictment without investigation of them. First, the record does not detail what information trial counsel learned from appellant. Second, the record does not detail what information counsel received during discovery or how that information influenced counsel's decisions. Information from either source may have convinced trial counsel that any investigation into eyewitnesses would not be sufficient to support a motion to quash the indictment. Similarly, information from either source might have convinced trial counsel that investigations were completed and the results were not fruitful or that any other investigation into filing the motion would be fruitless. On this undeveloped record, without hearing trial counsel's reasoning, we cannot conclude that it was impossible for trial counsel to strategically reject filing a motion to quash the indictment for pretrial delay.

Today's case does not present one of the rare instances in which trial counsel's conduct is so outrageous that no competent attorney would have engaged in it, and thus trial counsel need not be afforded an opportunity to explain counsel's conduct. *See Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013). The record does not demonstrate that trial counsel's representation fell below an objective standard of reasonableness. *See Rylander v. State*, 101 S.W.3d at 110; *Cain v. State*, 525 S.W.3d 728, 733–34, 2017 WL 1719034, at *4 (Tex. App.—Houston [14th Dist.] May

2, 2017, no pet. h.). We overrule appellant's first issue.

**B. As-Applied Challenge to Court Costs Under Article 102.011(a)(3) of the Code of Criminal Procedure**

■ Appellant was charged $220 under article 102.011(a)(3) of the Code of Criminal Procedure, a statute that mandates the assessment of a fee for summoning witnesses against an individual convicted of a felony or misdemeanor. *See* Tex. Code. Crim. Proc. Ann. art. 102.011(a)(3) (West, Westlaw through 2017 R.S.). Appellant contends that he is indigent and so this charge is unconstitutional as applied to him because it violates his right to compulsory process and to confront adverse witnesses. Appellant has not cited any cases from this court or the Court of Criminal Appeals addressing this question and research has not revealed any case from either court addressing this question.

■ We review the constitutionality of a criminal statute de novo as a question of law. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When presented with a challenge to the constitutionality of a statute, we presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). In raising his "as applied" challenge to the statute, appellant concedes that the statute is facially constitutional, but appellant asserts that the statute is unconstitutional as applied to his particular facts and circumstances.

■ The burden rests on appellant to establish the statute's unconstitutionality as applied to him. *See Schlittler v. State*, 488 S.W.3d 306, 313 (Tex. Crim. App. 2016). We must evaluate the statute as it has been applied against appellant. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). Because

the scope of an as-applied challenge is narrow, we may not entertain "hypothetical claims" or consider the potential impact of the statute on a potential future claimant, third party, or anyone other than appellant. *See id.*

The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, "the accused shall enjoy the right ... to be confronted with the witnesses against him" and "to have compulsory process for obtaining witnesses in his favor." U.S. Const. amend. VI. The Texas Bill of Rights states that "the accused ... shall be confronted by the witnesses against him and shall have compulsory process for obtaining witnesses in his favor...." Tex. Const. art. I § 10. Article 102.011, entitled "Fees for Services of Peace Officers," provides, in relevant part:

(a) A defendant convicted of a felony or a misdemeanor shall pay the following fees for services performed in the case by a peace officer:

. . .

(3) $5 for summoning a witness;

. . .

(b) In addition ... a defendant required to pay fees under this article shall also pay 29 cents per mile for mileage required of an officer to perform a service listed in this subsection and to return from performing that service.... This subsection applies to:

. . .

(3) traveling to execute criminal process, to summon or attach a witness, and to execute process not otherwise described by this article.

Tex. Code Crim. Proc. Ann. art. 102.011.

Appellant is indigent. He contends that the statutory fees are unconstitutional as applied to him because he cannot bear the costs associated with summoning witnesses or confronting adverse witnesses. Although costs are not assessed until conviction, appellant argues that because he has constructive notice that the trial court will assess these costs, they violate his right to compulsory process as well as his constitutional right to confront adverse witnesses.

The First Court of Appeals recently addressed this issue in the context of a plea bargain. In *London v. State*, our Houston sister court held that constructive notice that an indigent defendant would have to pay court costs for summoning witnesses did not violate the defendant's constitutional right to compulsory process or confronting adverse witnesses. *See* 526 S.W.3d 596, 601–03, 2017 WL 2779907, *4–*5 (Tex. App.—Houston [1st Dist.] Jun. 27, 2017, no pet. h.). The First Court declined to determine "whether indigence is a categorical barrier to assessing (or ultimately collecting) any particular cost of court" because the appellant in *London* did not meet his burden of showing that the constructive notice had the actual effect of denying him compulsory process or confrontation of the witnesses against him. *See id.* at 601–02, at *4.

Like the appellant in *London*, appellant does not identify any way in which the constructive notice that he would have to pay court costs prevented him from exercising his right to compulsory process to compel the attendance of witnesses in his favor or from confronting adverse witnesses. *See id.* As in *London*, the fees in today's case were assessed after appellant's conviction. So, appellant's opportunity to compel witnesses or confront adverse witnesses did not turn on his postjudgment ability to pay the witness fees. *See id.* Appellant does not present any evidence that constructive notice of the statute affected him because he does not state which witnesses he would have summoned if he did not have constructive notice of the

statute. Nor does appellant state that he would have done anything differently but for the statute.

■ To meet his burden to prevail on his as-applied challenge, appellant needed to state what he would have done differently had he not been on constructive notice that upon conviction, he would be assessed fees for summoning witnesses. *See Lykos*, 330 S.W.3d at 919; *London*, 526 S.W.3d at 601–02, 2017 WL 2779907, at *4. He did not. Because appellant failed to show that article 102.011 deprived him of his constitutional rights, we overrule appellant's second issue. *See Lykos*, 330 S.W.3d at 919; *London*, 526 S.W.3d at 601–02, 2017 WL 2779907, at *4.

### CONCLUSION

Neither of appellant's issues afford him appellate relief. He does not prevail on his first issue because the record is insufficient to address appellant's claim of ineffective assistance of counsel. Appellant does not prevail on his second issue because he did not meet his burden to prove article 102.011 deprived him of his constitutional rights. Having overruled appellant's issues, we affirm the trial court's judgment.