**Affirmed and Memorandum Opinion filed July 10, 2018.**



In the

# Fourteenth Court of Appeals

## NO. 14-17-00173-CR

**AARON MICHAEL BLAY, Appellant**

**v.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 1464213**

## M E M O R A N D U M   O P I N I O N

Appellant Aaron Michael Blay was convicted by a jury of capital murder. The trial court sentenced him to life imprisonment without parole under section 12.31(a)(2) of the Texas Penal Code. *See* Tex. Penal Code § 12.31(a)(2) (West 2017). Appellant challenges his sentence, arguing that the Texas capital-murder-sentencing scheme violates both the United States and Texas Constitutions. Appellant also contends that being charged $185 in court costs for "Summoning

Witness/Mileage" under article 102.011(a)(3) and (b) of the Texas Code of Criminal Procedure violated his federal and state constitutional rights to compulsory process and to confrontation. *See* Tex. Code Crim. Proc. art. 102.011(a)(3), (b) (West 2017). We affirm.

## I. BACKGROUND

On April 8, 2015, appellant and two other individuals entered a smoke shop to commit a robbery. Appellant carried a .40-caliber firearm. Appellant fired at least one shot at the store owner, complainant Jacob Espinor, hitting him in the chest. By the time police arrived at the scene, complainant had died from his injuries.

Appellant was indicted for capital murder and was convicted by a jury. The trial court sentenced appellant to life without parole in the Institutional Division of the Texas Department of Criminal Justice. Appellant was assessed fees in a criminal bill of cost, including a $185 fee for "Summoning Witness/Mileage." Appellant timely noticed his appeal and now brings three issues.

## II. ANALYSIS

### A. Facial challenges to mandatory life-without-parole sentence for adult capital felons

In his first two issues, appellant argues that the automatic punishment of life imprisonment without parole violates the Eighth Amendment of the United States Constitution and article I, section 13, of the Texas Constitution. Appellant contends that the mandatory scheme under section 12.31(a)(2) of the Texas Penal Code is unconstitutional because there is no vehicle to consider mitigating evidence justifying a less-severe sentence, whether by the jury or by parole authorities. *See* Tex. Penal Code § 12.31(a)(2). Appellant asks this court to extend the United States Supreme Court's holding in *Miller v. Alabama* to adult offenders. *See* 567 U.S. 460, 479, 489 (2012) (holding that imposing mandatory sentence of life without

2

possibility of parole on individuals who commit capital murder before age of eighteen violates Eighth Amendment).

The State responds that appellant failed to object to his sentence on these grounds in the trial court and cannot challenge his sentence on appeal. We agree. Before a party may present a complaint for appellate review, generally the record must show that the complaint was made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1; *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("[A] defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute."); *Cerna v. State*, 441 S.W.3d 860, 867–68 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (defendant failed to preserve facial challenges to capital-sentencing statute); *Sloan v. State*, 418 S.W.3d 884, 891 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (same); *Wilkerson v. State*, 347 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (same).

Appellant concedes that he did not raise these issues in the trial court, but argues preservation was not required because the errors are fundamental and because raising an objection would have been futile in light of controlling law. However, this court already has rejected substantially similar complaints. *Cerna*, 441 S.W.3d at 867–68 (rejecting appellant's argument "that the errors he asserts amount to fundamental error and therefore preservation of error in the trial court is not necessary"); *Sloan*, 418 S.W.3d at 891–92 (rejecting appellant's arguments that "he should be excepted from preserving error because any objection would have been futile at the time of sentencing and he now raises a 'right not recognized'" and that *Miller* "weakened earlier precedent approving of mandatory sentencing").

Because appellant did not voice these facial constitutional complaints against

his sentence in the trial court, he failed to preserve error.[1] We overrule appellant's first and second issues.

## B. As-applied challenges to court costs for witness subpoenas and mileage

In his third issue, appellant argues that the imposition of a $185 fee for "Summoning Witness/Mileage" is unconstitutional as applied to him as an indigent defendant because it violated his rights to compulsory process and to confront witnesses.[2] *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10; Tex. Code Crim. Proc. art. 102.011(a)(3), (b) (mandating—after defendant is convicted of felony or misdemeanor—the assessment of $5 fee for summoning each witness and 29 cents-per-mile fee for mileage required for officer to perform this service).

We have held these types of fees constitutional on an as-applied basis on almost identical grounds. *Merrit v. State*, 529 S.W.3d 549, 558–59 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (no violation of right to compulsory process where appellant did not "show[] that other material, favorable witnesses were available but not called by appellant due to his constructive notice of the witness and mileage fees"; no violation of right to confront witnesses where "appellant's inability to pay the postjudgment fees could not have prevented him from confronting any witnesses at trial, before the fees were assessed"); *Eugene v. State*, 528 S.W.3d 245, 250–51 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (same); *see London v. State*, 526 S.W.3d 596, 598–602 (Tex. App.—Houston [1st Dist.]

---

[1] Even if error had been preserved, we consistently have held that an automatic sentence of life without parole is not unconstitutional when assessed against an adult offender convicted of capital murder. *See Sloan*, 418 S.W.3d at 891–92 (refusing to extend *Miller* to adult-offender context); *Wilkerson*, 347 S.W.3d at 722–23 (holding that automatic sentence of life without parole did not violate either United States or Texas Constitution). Here, appellant was twenty-four years old when he committed the capital offense.

[2] Appellant does not dispute that the record supports at least $185 in assessed "Summoning Witness/Mileage" fees.

2017, pet. ref'd). Likewise, appellant fails to explain what he would have done differently had he not been on constructive notice that, upon conviction, he would be assessed such fees—as required to meet his burden to prevail on his as-applied challenge. *See Eugene*, 528 S.W.3d at 250–51.

We overrule appellant's third issue.

## III. CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment.


/s/   Marc W. Brown
      Justice


Panel consists of Justices Boyce, Jamison, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).