**Opinion issued July 29, 2025**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00743-CR

———————————

**ZAEVEION ZUIQUAE DENSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 78th District Court[1]**
**Wichita County, Texas**
**Trial Court Case No. DC78-CR2020-0388**

---

[1] Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Second District of Texas to this Court. *See* Misc. Docket No. 23–9079, Transfer of Cases from Courts of Appeals (Tex. Sept. 26, 2023); *see also* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases). We are unaware of any conflict between precedent of that court and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

**MEMORANDUM OPINION**

A jury convicted Zaeveion Zuiquae Denson of capital murder. *See* TEX. PENAL CODE §§ 19.03 (stating person commits capital murder if he intentionally commits murder while committing robbery); 29.02 (defining robbery). Denson was 17 at the time of the offense, and he was sentenced, as statutorily mandated, to life with the possibility of parole. *Id.* § 12.31(a)(1) (stating penalty for committing capital murder under age 18 is life sentence with possibility of parole). On appeal, he asserts that section 12.31 of the Texas Penal Code is both facially unconstitutional and unconstitutional as applied to him. We affirm.

## Background

Denson and three other people decided to rob someone. They drove together to a nightclub parking lot to look for a target. They followed a woman as she drove away from the club. When the woman, later identified as Carolyn High, got out of her car at home, Denson and another man confronted her and demanded cash. When Carolyn said she did not have any, the other man tried to grab her purse. Carolyn and the other man struggled until he eventually grabbed her wallet. Denson shot Carolyn in the chest. Carolyn's daughter discovered her mother's body the next afternoon.

Denson was indicted by a grand jury and charged with capital murder for intentionally killing Carolyn while robbing her. *See* TEX. PENAL CODE

§§ 19.03(a)(2), 29.02(a)(1). Denson was 17 years old at the time. He proceeded to a jury trial.

Before trial, Denson filed a motion to declare section 12.31(a)(1) of the Texas Penal Code unconstitutional. The trial court held a pretrial hearing on Denson's constitutional challenge. At the conclusion of the hearing, Denson recognized that the constitutionality of the punishment scheme found in section 12.31(a)(1) "has been specifically addressed by the courts and found to be constitutional." He averred that he challenged the constitutionality of the statute because the United States Supreme Court has yet to address section 12.31(a)(2).[2] The trial court overruled Denson's constitutional challenge. Denson reurged the challenge in another pretrial hearing, and the trial court denied it. After the jury found Denson guilty of capital murder, but before the trial court sentenced him, Denson objected to his impending sentence as unconstitutional. The trial court overruled the objection. The trial court sentenced him to imprisonment for life with the possibility of parole. He appealed.

## Constitutionality of Mandatory Sentence

In a single issue, Denson challenges the constitutionality of the statutory scheme imposing a mandatory punishment for juvenile offenders who have

---

[2] Section 12.31(a)(2) states that an individual who is over the age of 18 when he commits a capital felony shall be sentenced to life without parole. This section is inapplicable to Denson because Denson was 17 at the time of the crime, and his life sentence includes the possibility of parole.

3

committed a capital felony. Section 12.31(a) of the Texas Penal Code sets out the punishment options for an individual "adjudged guilty of a capital murder in a case in which the state does not seek the death penalty" and explains that the punishment options are as follows:

> (1) life, if the individual committed the offense when younger than 18 years of age; or
>
> (2) life without parole, if the individual committed the offense when 18 years of age or older.

TEX. PENAL CODE § 12.31(a). Accordingly, for juvenile offenders, the Penal Code allows for the possibility of parole, *see id.*, and subsection 508.145(b) of the Government Code, which addresses an individual's eligibility for release on parole, states that juvenile inmates serving a life sentence for a capital murder are "not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 40 calendar years," TEX. GOV'T CODE § 508.145(b).

On appeal, Denson argues that section 12.31(a)(1) is unconstitutional because it is functionally indistinguishable from a sentence of life without parole, it does not allow for an individualized sentencing determination, and it violates principles relating to cruel and unusual punishment and due process. We disagree.

4

**B.** **Standard of Review**

A determination regarding whether a statute is facially unconstitutional is a question of law subject to de novo review. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). A facial challenge is essentially "a claim that 'the statute, by its terms, always operates unconstitutionally.'" *Lebo v. State*, 474 S.W.3d 402, 405 (Tex. App.—San Antonio 2015, pet. ref'd) (quoting *Gillenwaters v. State*, 205 S.W.3d 534, 536 n.2 (Tex. Crim. App. 2006)). When assessing a statute's constitutionality, reviewing courts "presume that the statute is valid and that the legislature has not acted unreasonably or arbitrarily" when enacting the statute. *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). Moreover, the party presenting the statutory challenge has the burden of establishing that the statute is unconstitutional. *Id.*

For as-applied challenges, appellate courts review the constitutionality of a criminal statute under a de novo standard of review. *Modarresi v. State*, 488 S.W.3d 455, 465 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (setting out standard for as-applied challenge). When presenting an as-applied challenge, a defendant "concedes the general constitutionality of the statute but asserts it is unconstitutional as applied to [his] particular facts and circumstances." *Id.* "The burden rests on appellant to establish the statute's unconstitutionality as applied to

5

him." *Eugene v. State*, 528 S.W.3d 245, 249 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

**C.    Analysis**

Denson argues that Texas's statutory scheme, which does not allow for parole until 40 years have been served, is unconstitutional. In support of his argument, Denson primarily relies on *Miller v. Alabama*, which addressed whether statutory sentencing schemes that mandated a sentence of confinement for life without the possibility of parole for juvenile defendants convicted of capital felonies violated the Eighth Amendment's prohibition of cruel and unusual punishment. *See Miller v. Alabama*, 567 U.S. 460, 479–80 (2012) (holding Eighth Amendment forbids sentencing scheme for juvenile homicide offenders in which life without parole is mandatory rather than based upon individualized sentencing assessment).

The Texas Court of Criminal Appeals has rejected claims that section 12.31(a)(1) is facially unconstitutional or violates *Miller*. *See Lewis v. State*, 428 S.W.3d 860, 863–64 (Tex. Crim. App. 2014) (discussing *Miller* and rejecting constitutional challenge to section 12.31). The Court of Criminal Appeals has also rejected as-applied constitutional challenges to the statute. *See Turner v. State*, 443 S.W.3d 128, 129 (Tex. Crim. App. 2014) (reversing as-applied challenge to section

12.31(a)(1)). "[J]uvenile offenders sentenced to life with the possibility of parole are not entitled to individualized sentencing under the Eighth Amendment." *Id.*

Several intermediate courts have rejected both facial and as-applied challenges to the statutory scheme imposing mandatory sentences of life with the possibility of parole for juvenile offenders convicted of capital murder. *See Criner v. State*, No. 03-18-00528-CR, 2019 WL 6042277, at *11 (Tex. App.—Austin Nov. 15, 2019, pet. ref'd) (mem. op., not designated for publication) (citing cases from the First, Third, and Fourteenth Courts of Appeals that rejected facial and as-applied challenges to imposing mandatory sentences of life with possibility of parole for juvenile capital murder offenders); *Guzman v. State*, 539 S.W.3d 394, 403–06 (Tex. App.—Houston [1st Dist.] 2017, pet. ref'd) (rejecting Eighth Amendment challenge to section 12.31(a)(1) and collecting similar decisions from other courts). Courts have also rejected Denson's argument that the 40-year confinement period before the possibility of parole is a de facto life sentence. *See Shalouei v. State*, 524 S.W.3d 766, 769 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (holding statutory requirement of 40 years' time served before parole eligibility does not equate to sentence of life without parole).

"When the Court of Criminal Appeals has deliberately and unequivocally interpreted the law in a criminal matter, we must adhere to its interpretation under the dictates of vertical stare decisis." *Mason v. State*, 416 S.W.3d 720, 728 n.10

(Tex. App.—Houston [14th Dist.] 2013, pet. ref'd); *see also Lewis v. State*, 448 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) ("We are bound in criminal cases to follow decisions of the Court of Criminal Appeals.").

We overrule Denson's sole issue.

## Conclusion

We affirm the trial court's judgment.

Susanna Dokupil
Justice

Panel consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).